Magistrate Judge Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMI C. HORNER,<br><br>Defendant. | NO. MJ20-553<br><br>**COMPLAINT for VIOLATION**<br><br>Title 26, United States Code, Sections 5861(d), 5845(a)(8) |

BEFORE, The Honorable Mary Alice Theiler, United States Chief Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1
### (Unlawful Possession of a Destructive Device)

On or about August 26, 2020, in Seattle, within the Western District of Washington, SAMI C. HORNER did knowingly possess a destructive device, that is, a device commonly known as a Molotov cocktail, that was not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8).

COMPLAINT/HORNER - 1
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## AFFIANT'S BACKGROUND

1. I am a Special Agent duly sworn and employed by the U.S. Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am currently assigned to the Seattle V ATF Field Office, located within the Seattle, Washington, Field Division. I have been employed as a special agent since July 2017.

2. I am a graduate of Western Oregon University in Monmouth, Oregon, where I received a Bachelor of Science in Computer Science and a Bachelor of Science in Criminal Justice. I completed a twelve-week Criminal Investigator Training Program and a fifteen-week Special Agent Basic Training at the ATF National Academy/Federal Law Enforcement Training Center in Glynco, Georgia.

3. I am responsible for investigations involving specified unlawful activities, to include violent crimes involving firearms that occur in the Western District of Washington. I am also responsible for enforcing federal firearms and explosives laws and related statutes in the Western District of Washington. I received training on the proper investigative techniques for these violations, including the identification of firearms and location of the firearms' manufacture. I have actively participated in investigations of criminal activity, including but not limited to: crimes against property, narcotics-related crimes, and crimes involving the possession, use, theft, or transfer of firearms. During these investigations, I have also participated in the execution of search warrants and the seizure of evidence indicating the commission of criminal violations.

4. This affidavit is made based upon my personal knowledge, training, experience and investigation, as well as upon information provided to me and my review of reports prepared by other law enforcement personnel. This affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

COMPLAINT/HORNER - 2
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF PROBABLE CAUSE

5. On August 26, 2020, Seattle Police Department officers observed a man, later identified as SAMI HORNER, as part of a large group of individuals who had initially gathered at Volunteer Park in Seattle. Officers observed HORNER break multiple windows at a bank, located at 321 15th Avenue East, causing an estimated over thousand dollars in damage.



COMPLAINT/HORNER - 3
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970





COMPLAINT/HORNER - 4
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. Officers attempted to arrest HORNER, but he fled on foot, wearing a backpack. Officers chased him, and apprehended him approximately three blocks away from the bank. Upon being detained, HORNER blurted out, without any prompting, that the backpack was not his, that his wallet was in it, and that he was holding it for a friend. Later during booking, when officers were confirming HORNER's identity, HORNER stated, "I said to check my ID. I said that my ID was in my bag, err not my bag, but somebody else's." HORNER's statements were captured on body camera video.

7. Officers opened the backpack as part of a search incident to arrest. Officers recovered a device suspected to be what is commonly referred to as a Molotov cocktail. Specifically, the device consisted of a glass bottle containing a liquid and what appeared to be a wick. The backpack also contained two lighters, a mask with filters, a helmet, a walkie talkie, and some clothes. Photographs of the backpack and some of the items located therein are included below:



COMPLAINT/HORNER - 5
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970



COMPLAINT/HORNER - 6
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970



8. Investigators processed the suspected Molotov cocktail. They sampled the liquid and utilized a chemical analysis tool to perform a preliminary field test. The liquid tested positive for a chemical in the flammable liquid family.

9. ATF Senior Explosives Enforcement Officer ("EEO") Brennan Phillips conducted an initial review of the evidence from the suspected Molotov cocktail. EEO Phillips has the responsibility within ATF for making Device Determinations under the NFA as required by 27, C.F.R., § 479.24. EEO Phillips advised that the glass container, filled with a suspected ignitable liquid and fitted with a wick, commonly known as "Molotov cocktail," was likely designed as a weapon and would be properly identified as an incendiary bomb. Incendiary bombs are destructive devices as that term is defined in 26 U.S.C., §5845(f) and would be regulated in accordance with the Federal Firearms Regulations. Additionally, he advised that incendiary bombs are within the meaning of

COMPLAINT/HORNER - 7
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

incendiary device found in paragraph (5) of 18 U.S.C. §232 and are therefore explosives as that term is defined in 18 U.S.C., §844(j).[1]

10. On August 28, 2020, I verified that SAMI HORNER did not have any items registered to him in the National Firearms Registration and Transfer Record.

## CONCLUSION

11. Based on the foregoing, I respectfully submit that there is probable cause to believe that SAMI HORNER, has committed the offense of: Unlawful Possession of a Destructive Device, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8).

LEXIE WIDMER, Complainant,
Special Agent, ATF

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on this 28th day of August, 2020. The Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 28th day of August, 2020.

MARY ALICE THEILER
United States Magistrate Judge

---

[1] I am advised that numerous courts have held courts that a fully-assembled Molotov cocktail-defined as a device comprising a bottle, gasoline, and a rag-constitutes an "incendiary ... bomb" or "similar device" under section 5845(f). EEO Phillips advised he will ultimately need to review any forensic chemistry reports and conduct a physical exam the device in question before making a final Device Determination, submitting it for peer review, and approval by the Explosives Enforcement Branch.

COMPLAINT/HORNER - 8
USAO 2020R00794

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970